[No. 2874.]

DANIEL ZWEIFEL *v.* THE STATE.

SALE OF LIQUORS ON ELECTION DAY.—INDICTMENT for the sale of liquors on election day which fails to charge that the election was held in the precinct, village, town or city of the defendant, or to charge where the liquor was sold, is insufficient to charge the offense denounced by Article 178 of the Penal Code.

APPEAL from the County Court of Comanche. Tried below before the Hon. L. H. Brewer, County Judge.

The opinion sets out the charging part of the indictment. A fine of one hundred and twenty-five dollars was the penalty imposed by a verdict of guilty.

The errors complained of in the motion for new trial, were that the court gave a verbal charge, and failed to give a written charge.

No brief for the appellant has reached the Reporters

*J. H. Burts*, Assistant Attorney General, for the State.

HURT, JUDGE. This is a conviction for selling liquor on election day.

The indictment alleges that defendant sold liquor on the seventh day of November, 1882, said day being then and there a day of general election for county and State officers, and that said election was *then* and *there* held, etc. There is no allegation that the election was held in the precinct, village, town or city of the defendant, or where the liquor was sold. It is simply charged in the indictment that an election was held in the county. Is the indictment sufficient? Clearly it is not. (Art. 178, Penal Code.)

Because the indictment is defective, the judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*

Opinion delivered May 10, 1884.